UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

RONALD TORO,
and all others similarly situated
under 29 U.S.C. §216(B),                              CASE NO. 1:08-cv-22862 Gold-McAliley

      Plaintiff,

vs.

DESIGN-BUILD & ENGINEERING, INC.,
ANDRES MARTINEZ

      Defendants.
_____/

**DEFENDANTS' MOTION TO REQUIRE PLAINTIFF TO FILE CONSENT
OF UNITED STATES ATTORNEY GENERAL FOR READMISSION TO THE
UNITED STATES AND TO STAY THE CASE UNTIL SUCH CONSENT IS FILED**

      Defendants, DESIGN-BUILD & ENGINEERING, INC. and ANDRES MARTINEZ., by and through their undersigned attorney, moves this Court to require Plaintiff, RONALD TORO, to file a consent by the United States Attorney General, or his designees, for Readmission to the United States and to Stay the Case Until Such Consent is Filed, and as grounds therefore states as follows:

1.     On December 8, 2008, this Court entered an order requiring the parties to participate in preliminary mediation and ordering the case be held in abeyance until the completion of mediation. [DE 12]

2.     Thereafter, the parties scheduled a mediation to take place on January 21, 2009. *See* [DE 13 and 14]

3. The January 21, 2009 mediation was cancelled at the request of Plaintiff's counsel, due to the fact that, in the time between the filing of the complaint and the scheduled mediation, the Plaintiff was deported from the United States.

4. On February 11, 2009, this Court entered a second order requiring that the parties participate in preliminary mediation and continuing the order that the case remain in abeyance until mediation was completed. [DE 16]

5. On February 19, 2009, Plaintiff's counsel filed a motion to permit Plaintiff to appear at deposition by telephone due to his deported status [DE 18}. Defendants opposed Plaintiff's motion, primarily because, in the absence of any indication that Plaintiff would be able to return to the United States to prosecute his claim, including attendance and participation in trial, the mediation would be a needless expenditure of time and expense for Defendant [DE 20]

6. On March 9, 2009, this Court entered an Order cancelling the preliminary mediation, lifting the abeyance of the case, and requiring the parties to resubmit their Joint Scheduling Report by April 6, 2009. [DE 25]

7. Subsequent to this Court's Order of March 9, 2009, Plaintiff's counsel has informed the undersigned of his desire to move forward with discovery, including the depositions of the Plaintiff (via videotape), Defendant Andres Martinez and a corporate representative for Defendant Design-Build & Engineering, Inc.

8. If the Plaintiff remains unable to return to the United States for trial in this case by the previously agreed upon trial date of November 2, 2009, or even such later trial date to which the parties may agree in their resubmitted Joint Scheduling Report or as otherwise ordered by this Court, then the case will not be able to be tried and Defendants will have been prejudiced by the

time, resources and expenses spent in having to go through the discovery process, including the depositions presently proposed by the Plaintiff.

9. As briefly discussed during the telephonic status conference of March 5, 2009 within the context of the Plaintiff's motion to appear telephonically at mediation, a similar issue to the one presented here arose in the case of *Brown v. Wright* 2008 WL 346347 (N.D.N.Y. 2008). There, like here, the Defendant moved for dismissal under Fed. R. Civ. P 41(b) based upon failure to prosecute where the deported plaintiff was unable to return to the United States for deposition. Although the district court in *Brown* noted that the plaintiff could participate in the deposition by telephone (similar to the Plaintiff's request for videotape deposition here), the question remained as to whether the plaintiff would be re-admitted to the United States in order to attend trial.

10. Rather than dismissing the case outright as requested by the defendant, the district court in *Wright* ordered that the Plaintiff file with the court by a date certain a copy of the written consent of the United States Attorney General, or his designee, granting Brown permission to reapply for admission to the United States. If the plaintiff failed to file the consent, then the Defendant would be permitted to again seek dismissal of the case under Fed. R. Civ. P 41(b). The court also stayed all proceedings until the date provided to the plaintiff to file the consent or upon further order of the court.

11. Defendants respectfully suggest that this Court fashion a procedure similar to the one implemented in *Brown*. Namely, Defendants recommend that the Court require Plaintiff to file, by a date certain**,** a written consent of the United States Attorney General, or his designee, granting Plaintiff permission to reapply for admission to the United States. If the plaintiff fails to file the consent, by the date ordered by the Court, then the Defendants would be permitted to seek dismissal

3

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 241-6585

of the case under Fed. R. Civ. P 41(b). Defendants suggest that the case be stayed through the date given for Plaintiff's submission of the written consent absent further order from the Court.

**12.** If Plaintiff is able to provide the written consent by the court ordered date, then the parties can resubmit a Joint Scheduling Report that adjusts dates, including the suggested trial date. However, if Plaintiff has not filed the written consent or otherwise returned to the United States by the deadline imposed by the Court, the Court could then consider s Motion to Dismiss for Lack of Prosecution.

**13.** So as to avoid further prejudice to the Defendants in the event that Plaintiff is not permitted readmission into the country, Defendants request that the case be stayed until the consent is filed or until further order of this Court.

WHEREFORE, Defendants, DESIGN-BUILD & ENGINEERING, INC. and ANDRES MARTINEZ, respectfully request that this Court require Plaintiff to file by a date certain a written consent of the United States Attorney General, or his designee, granting Plaintiff, RONALD TORO, permission to reapply for admission to the United States; direct that, in the event the consent is not filed by the deadline imposed by the Court, then the Court will dismiss this case pursuant to Fed. R. Civ. P. 41(b) upon motion by Defendant; stay this case until the date for filing the consent or until further order of the Court; and grant such other and further relief as the Court deems just, necessary, and proper.

Law Offices of Dana M. Gallup, P.A. • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: (954) 894-3035 • Fax: (954) 241-6585

Case No. 1:08-cv-22862 Gold-McAliley

Respectfully, Submitted,

LAW OFFICES OF DANA M. GALLUP, P.A.
*Counsel for Defendants*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone:	(954) 894-3035 (Ext. 235)
Facsimile:	(954) 241-6585
E-mail:dgallup@gallup-law.com

By:	/s/ Dana M. Gallup_____
	DANA M. GALLUP
	Florida Bar No.:  0949329

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:	/s/ Dana M. Gallup_____
	DANA M. GALLUP
	Florida Bar No.:  0949329

**SERVICE LIST**
*Ronald Toro v. Design-Build & Engineering, Inc. and Andres Martinez*
Case No: 1:08-cv-22862 Gold/McAliley

J.H. Zidell, Esq.
E-Mail:  zabogado@aol.com
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, Florida 33141
Tel:	(305) 865-6766
Fax:	(305) 865-7167
*Attorney for Plaintiff*
CM/ECF