## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

RONALD TORO,
and all others similarly situated
under 29 U.S.C. §216(B),                        CASE NO. 1:08-cv-22862 Gold-McAliley

        Plaintiff,

vs.


DESIGN-BUILD & ENGINEERING, INC.,
ANDRES MARTINEZ

        Defendants.
_____/

### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
### MOTION TO REQUIRE PLAINTIFF TO FILE CONSENT OF
### UNITED STATES ATTORNEY GENERAL FOR READMISSION TO THE
### <u>UNITED STATES AND TO STAY THE CASE UNTIL SUCH CONSENT IS FILED</u>

      Defendants, DESIGN-BUILD & ENGINEERING, INC. and ANDRES MARTINEZ., by and through their undersigned attorney, reply to Plaintiff's, RONALD TORO, Response to Defendants' Motion to Require Plaintiff to File Consent of United States Attorney General for Readmission to the United States and to Stay the Case Until Such Consent Is Filed, as follows:

**I.**        **DISCUSSION OF LAW**

      In his Response to Defendants' motion, Plaintiff suggests that, somehow, if only this Court were to allow Plaintiff to appear for a video-taped deposition to take place in Honduras, then this case could be prosecuted through trial in a "timely and orderly" manner.  Plaintiff's contention completely ignores the Defendants' rights, both to depose Plaintiff in the jurisdiction where he brought suit (Miami-Dade County) and to cross-examine Plaintiff live at trial so that crucial determinations as to credibility of the party bringing suit may be made by the jury.

Plaintiff's arguments also have no grounding in the Rules of Civil Procedure, most particularly in this case Fed. R. Civ. P 32, and Plaintiff fails to identify a single statute, rule or court decision to buttress his position.  Instead, Plaintiff's counsel slings false, baseless, unsubstantiated and irrelevant allegations, accusing Defendants of instigating Plaintiff's deportation.

Defendants will address Plaintiff's request for a video-taped deposition to take place in Honduras more thoroughly in their response to Plaintiff's motion, For purposes of this reply, however, it must be emphasized that, even if this Court permitted Plaintiff's deposition to be videotaped and taken in Honduras, this does ***not***, as the Plaintiff summarily contends, resolve the issue as to whether that deposition may be admitted into evidence at trial and, consequently, whether Plaintiff will ultimately be able to prosecute the case..

For the reasons set forth below, Defendants maintain that, because Plaintiff cannot satisfy the requirements of Fed. R. Civil P. Rule 32 as to "unavailability" or "exceptional circumstances," he will not be able to use his deposition as a substitute for live testimony and will therefore not be able to prosecute his case. As such, should this Court deny the relief sought by Defendants to stay the case until Plaintiff shows the ability to return to the United States at some point for trial, Defendants will be severely prejudiced by the continued litigation of this matter by Plaintiff's counsel.

**A.      Plaintiff Has Not Shown Unavailability or Exceptional Circumstances to Justify Use of Plaintiff's Deposition at Trial**

Fed. R. CIv. P. 32 provides, in pertinent part, as follows:

**(a) Using Depositions.**

**(4) *Unavailable Witness.*** A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

**(A)** that the witness is dead;

**(B)** that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, ***unless it appears that the witness's absence was procured by the party offering the deposition***;

**(C)** that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

**(D)** that the party offering the deposition could not procure the witness's attendance by subpoena; or

**(E)** on motion and notice, that ***exceptional circumstances*** make it desirable--in the interest of justice and ***with due regard to the importance of live testimony in open court***--to permit the deposition to be used.

(emphasis added)

Here, the only two possible bases to allow Plaintiff's deposition to be introduced by Plaintiff at trial would be the "outside the United States" exception of Rule 32(a)(4)(B) or the "exceptional circumstances" exception of Rule 32(a)(4)(E). Plaintiff, thus far, however, has failed to satisfy the requirements for either exception, nor has Plaintiff given any indication that these requirements may be satisfied at the time of trial.

**B.    Plaintiff Procured His Own Absence from the United States**

While Plaintiff's counsel attempts to inexplicably and falsely place blame for Plaintiff's deportation upon Defendants, the fact of the matter is that Plaintiff was residing in the United States as an illegal alien. He was, presumably, deported from the United States for that reason and that reason alone. The question, therefore, is whether the Plaintiff, as the ***party*** seeking to introduce his own deposition, "procured" his own absence.

The definition of "procure" applicable here, is "to contrive; to bring about; to effect; to cause" Webster's Revised Unabridged Dictionary (1998). Clearly, it was Plaintiff's conduct of coming to the United States without proper immigration status, as an illegal alien, that "brought

3

about" or "caused" his deportation. Moreover, because he entered this country illegally in the first place and was then deported rather than leaving the country voluntarily, Plaintiff may well have a difficult time obtaining permission to return to the Unites States, even on a temporary visa for purposes of testifying at trial. As such, it is Plaintiff's own actions and conduct, of coming to the United States illegally in the first place and then being deported prior to voluntarily leaving the country rendering it highly unlikely that he will be able to return, that "procured" his unavailability

Federal courts in other districts have addressed this issue of the effect of a plaintiff's deportation upon the case. One such case, *Brown v. Wright* 2008 WL 346347 (N.D.N.Y. 2008), was already cited in Defendants' motion. The court in *Wright* stayed the case so as to allow plaintiff some addition time to seek readmission to the United States or face dismissal of the case under Fed. R. Civ. P. 41(b). Significantly, however, in reaching that decision, the court implicitly concluded that the plaintiff could not go forward with his case if he could not return to the United States to be present and testify at trial.

Other courts facing this situation have ruled in a manner consistent with the district court in *Brown*. In *Luna v. Del Monte Fresh Produce (Southeast), Inc.* 2007 WL 1500269 (N.D.Ga.2007), three representative plaintiffs in an FLSA class action, who had returned to Mexico after their H-2 expired, sought a protective order to allow their depositions to be conducted in Mexico. The defendant objected, requesting that these depositions take place within the district since, ordinarily, a defendant is entitled to depose a plaintiff in the forum where the plaintiff has chosen to sue. *See McGinley v. Barratta,* 2006 WL 2346301 *1 (E.D.Pa.2006).

The court in *Luna* granted the plaintiffs' motion for protective order, allowing the depositions to take place in Mexico with the plaintiffs paying any differential costs associated with conducting the depositions in Mexico, including the cost of airfare and accommodations in Mexico

for two attorneys and a court reporter. However, just as in *Brown*, the court in *Luna* implicitly

recognized the need for the plaintiffs to return to the United States for trial. In this regard, the court

stated:

> Moreover, if plaintiffs apply for a visa and are denied, they may be barred
> from re-applying for a significant period of time, ***which could affect their
> ability to appear at trial.*** (*Id*.) ***Plaintiffs plan to seek humanitarian
> parole for purposes of participating in the trial.*** (Pls.' Mot. for Protective
> Order [62] at 10.) However, humanitarian visas, which are issued
> sparingly, are not generally granted for purposes of providing deposition
> testimony. (*Id.* at Ex. 4.) ***Plaintiffs understandably want to save this
> option for trial***.(*Id.* at 10.)

> (emphasis added)

The distinctions between the facts in *Luna* and the instant case are that (1) the Plaintiff here

was deported and, therefore, unlike the *Luna* plaintiffs, he is not likely to be able to return to this

district for trial and (2) unlike the plaintiffs in *Luna*, Plaintiff has made no representation to this

Court that he will attempt to secure a visa to return for trial or that, even if he does, it is likely to be

granted. Indeed, Plaintiff's attempt to prematurely obtain a ruling as to whether his deposition may

be admitted at trial confirms the fact that he will, in all likelihood, ***not*** be able to return to the

United States for trial.  As such, while the court in *Luna* permitted the continued litigation of the

case, which notably also encompassed plaintiffs who were not in Mexico, it did so based upon the

expectation, based upon representations of the plaintiff's counsel, that these plaintiffs would likely

be granted permission to return for trial. Because no such representation has been made, or

realistically could be made here, Defendants' request to stay the case, as was done in *Brown,* is the

more fair and reasonable approach.

In *Garcia-Martinez v. City and County of Denver* 392 F.3d 1187 (10th Cir. 2004), the Tenth

Circuit similarly held that a plaintiff who could not attend trial because he was out of the country as

a result of immigration status was not "unavailable" as contemplated by Rule 32(a) and, as such, his deposition could not be admitted into evidence at trial. In *Garcia-Martinez*, unlike here, the plaintiff had been available for a deposition in the forum prior to leaving the country. As such, the issue of admission of his deposition testimony at trial did not come up until trial. The trial court did not allow admission of the deposition testimony and the plaintiff lost the case.

In affirming the trial court's ruling, the Tenth Circuit in *Garcia-Martinez* found, using the plain definition of the word "procure," that the plaintiff had procured his own absence from the forum and, therefore, he could not introduce his own deposition testimony. *Id* at 1191.The Tenth Circuit further noted:

> ***The preference for a witness's attendance at trial is axiomatic***. When the "key factual issues" at trial turn on the "credibility" and "demeanor" of the witness, we prefer the finder of fact to observe live testimony of the witness. ***This is especially true when the witness is the plaintiff…***

> *Id*. at 1191-2. (emphasis added)

The Tenth Circuit next considered, but rejected, the exceptional circumstances argument, concluding that:

> While he may have had good reasons for failing to appear at trial, it is abundantly clear from this record that Garcia-Martinez ***made scant effort to make other arrangements to appear temporarily for trial*** or to make himself available for remote testimony. In these circumstances, the proponent of the testimony-plaintiff Garcia-Martinez-procured his own absence from trial without offering evidence that he could not return to the United States or that he had no alternative means of testifying.

> *Id*. at 1192 (emphasis added)

In the instant case, the plaintiff has demanded a jury trial, which renders live testimony even more critical than if this were a bench trial. Moreover, the primary if not sole evidence Plaintiff is likely to offer to substantiate his claim of having worked overtime hours without compensation will

6

be his own testimony. As such, the plaintiff's credibility and demeanor as to these key factual issues are of paramount importance and should be directly observed by the jury. Defendants will be severely prejudiced if the jury is shown a video taped deposition in lieu of such crucial live testimony.

Additionally, to date, the plaintiff has given no indication that he will be able to return to Miami-Dade County for trial or that he can even testify remotely at trial. Rather, as stated above, plaintiff wants to have a previously recorded video-taped deposition stand in for live testimony at trial. The Defendants' suggestion, as set forth in their motion, is entirely consistent with the procedural structure put into place in *Brown* and echoed in *Garcia-Martinez,* namely, that Plaintiff should be required to show this Court that he will be able to return to the district for trial and, until such a showing is made, the case should be stayed so as to not burden Defendants with the ongoing cost of litigation.

## II.      CONCLUSION

Based on the foregoing, Defendants, DESIGN-BUILD & ENGINEERING, INC. and ANDRES MARTINEZ, respectfully request that this Court grant their motion and require Plaintiff, RONALD TORO, to file by a date certain a written consent of the United States Attorney General, or his designee, granting Plaintiff permission to reapply for admission to the United States; direct that, in the event the consent is not filed by the deadline imposed by the Court, then the Court will dismiss this case pursuant to Fed. R. Civ. P. 41(b) upon motion by Defendants; stay this case until the date for filing the consent or until further order of the Court; and grant such other and further relief as the Court deems just, necessary, and proper.

Respectfully, Submitted,

LAW OFFICES OF DANA M. GALLUP, P.A.
*Counsel for Defendants*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone:     (954) 894-3035 (Ext. 235)
Facsimile:      (954) 241-6585
E-mail:dgallup@gallup-law.com

By:     /s/ Dana M. Gallup_____
         DANA M. GALLUP
         Florida Bar No.:  0949329

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    /s/ Dana M. Gallup_____
        DANA M. GALLUP
        Florida Bar No.:  0949329

**SERVICE LIST**
***Ronald Toro v. Design-Build & Engineering, Inc. and Andres Martinez***
Case No: 1:08-cv-22862 Gold/McAliley

J.H. Zidell, Esq.
E-Mail:  zabogado@aol.com
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, Florida 33141
Tel:     (305) 865-6766
Fax:     (305) 865-7167
*Attorney for Plaintiff*
CM/ECF